```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

LLOYD FRAVEL, JANICE HATTON,    )
DEBORAH STACK, PENNY GENTRY,    )
and all others similarly        )
situated,                       )
                                )
          Plaintiffs            )
                                )
     v.                         )   CASE NO: 2:07 cv 253
                                )
COUNTY OF LAKE, LAKE COUNTY     )
INDIANA, and SHERIFF ROY        )
DOMINGUEZ,                      )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Certify Collective Action Status Pursuant to 29 U.S.C. §201 *et. seq.*, the Fair Labor Standards Act ("FLSA"), filed by the plaintiffs, Lloyd Fravel, Janice Hatton, Deborah Stack, Penny Gentry, and other employees of the County of Lake, on March 31, 2008.  For the reasons set forth below, this motion is **GRANTED**.

Background

The plaintiffs, Lloyd Fravel, Janice Hatton, Deborah Stack, and Penny Gentry, were employed as sworn correctional officers with the defendant, Lake County Sheriff's Department.  (Amended Complaint ¶ 3)  Plaintiffs' wages, hours, terms, and conditions of employment were stated in a collective bargaining agreement ("CBA").  (Am. Comp. ¶ 10)  The CBA provided the plaintiffs with proficiency pay and longevity pay based upon each individual's years of service beyond the first five years.  (Am. Comp. ¶¶ 11,

12) According to the CBA, employees with five years of service or more received proficiency and longevity pay in separate checks. (Am. Comp. ¶ 13) The plaintiffs allege that since at least March 31, 2005, they have worked overtime hours and have become entitled to one and one-half times their regular rate of pay for such hours. (Am. Comp. ¶ 14) Plaintiffs claim that since at least March 31, 2005, their "regular rate of pay" did not include their proficiency or longevity pay for purposes of determining the overtime wages owed to each employee. (Am. Comp. ¶¶ 15, 16) Plaintiffs contend the proficiency and longevity pay constitute "remuneration for employment paid to, or on behalf of, the employee" and should be included in the calculation of their "regular rate of pay." (Am. Comp. ¶ 17) Plaintiffs claim that the failure to include the higher rate was in violation of the FLSA. (Am. Comp. ¶ 18)

Effective January 1, 2006, all employees covered under the CBA received a five percent salary increase. (Am. Comp. ¶ 21) From January 1, 2006 to May 28, 2006, the plaintiffs claim they worked overtime hours but the one and one-half times the regular rate of pay did not reflect the five percent salary increase in violation of the FLSA. (Am. Comp. ¶¶ 23, 24)

The CBA contained a provision in which overtime was not paid if there was a lack of funding available. (Am. Comp. ¶ 27) In lieu of payment, employees accrued compensatory time off at one and one-half times the actual hours worked. (Am. Comp. ¶ 27) Under the FLSA, requests to use compensatory time off must be

granted unless such use would "unduly disrupt" the agency's operations. (Am. Compl ¶ 30) Plaintiffs allege that the county routinely denied compensatory time requests because granting such requests would require the county to call in qualified substitutes on an overtime basis. (Am. Comp. ¶ 33) The plaintiffs allege that the county is not able to show that granting the time off would "unduly disrupt" the agency's operations and that this practice violated the FLSA. (Am. Comp. ¶¶ 32, 33)

To support their contention that they are "similarly situated" to the employees they wish to represent, the plaintiffs have tendered 30 affidavits from individuals who work as sworn correctional officers at the Lake County Sheriff's Department ("LCSD"). All affiants have expressed the desire to "opt-in" if the suit is certified as a collective action under the FLSA.

## Discussion

The Fair Labor Standards Act, 20 U.S.C. §201 *et. seq.*, requires employers to pay overtime of at least one and one-half times an employee's regular rate of pay. 29 U.S.C. §207(a)(1). The FLSA provides that requests to use compensatory time off by employees of a public agency shall be granted unless that use would "unduly disrupt" the agency's operations. 29 U.S.C. §207(o)(5)(B). The FLSA provides a mechanism, similar to a class action but more commonly referred to as a "collective action," that permits the joining of similarly situated employees in a single lawsuit. *See* **Harkins v. Riverboat Services, Inc.**, 385 F.3d 1099, 1101 (7th Cir. 2004). The FLSA states that a cause of

3

action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. §216(b).

The main difference between a class action suit under Federal Rule of Civil Procedure 23 and a collective action under the FLSA is that a collective action is comprised of "opt-in" plaintiffs as opposed to the "opt-out" plaintiffs of a class action.  No person can be a party to a collective action unless he files a written consent in the court in which the action was brought.  29 U.S.C. §216(b).

The FLSA does not define "similarly situated."  However, a majority of courts have applied a two-step inquiry that first requires only a minimal showing that potential plaintiffs are similarly situated. **Flores v. Lifeway Foods, Inc.**, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003); **Boyd v. Jupiter Aluminum Corp.**, 2006 WL 1518987 at *3 (N.D. Ind. 2006) (*collecting cases*); **Iglesias-Mendoza v. La Belle Farm, Inc.**, 239 F.R.D. 363, 368 (D.C.N.Y. 2007) (holding that employees need only show they were subjected to certain wage/hour practices and that their experience was shared by members of the proposed class in order to meet the modest standard imposed at this preliminary stage); **Scholtisek v. Eldre Corp.**, 229 F.R.D. 381, 391 (D.C.N.Y. 2005) (holding plaintiff must make only a modest factual showing that he and potential plaintiffs together were victims of a common policy or plan that violated the law; plaintiff's burden is minimal, especially since the determination is merely a preliminary one).  This first

4

stage is often referred to as the "notice stage" or "conditional certification" which usually is based only upon the pleadings and any affidavits that have been submitted. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). Plaintiffs must only meet a lenient burden of proof to receive conditional certification because the determination is made on such little evidence. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)(*overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)). Because this step occurs early in a case, the court accepts as true the plaintiff's allegations and does not reach the merits of plaintiff's FLSA claims. *Hardin v. Harshbarger*, 814 F.Supp. 703, 706 (N.D. Ill. 1998). See *Sipas v. Sammy's Fishbox, Inc.*, 10319, 2006 WL 1084556 at *2 (S.D.N.Y. 2006); *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998) ("Even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable a more efficient resolution of the underlying issues in this case") (internal citations omitted). Conditional certification is an initial determination that simply allows for putative class members to be identified and notified of their opportunity to opt-in. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172, 110 S.Ct. 482, 488, 107 L.Ed.2d 480 (1989); *Mooney*, 54 F.3d at 1214.

Although the plaintiffs' burden is described as lenient in the first step, mere allegations in their complaint will not suffice. *Marroquin v. Canales*, 236 F.R.D. 257, 260 (D. Md. 2006); *Flores*, 289 F.Supp.2d at 1045; *Sammy's Fishbox, Inc.*, 2006 WL 1084556 at *2. However, affidavits may provide factual support for a step-one determination that notice to a proposed class of opt-in plaintiffs is appropriate. *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (D.C. Ala. 1999).

If conditional certification is granted, the plaintiffs may seek an order from the district court directing the defendant to furnish the plaintiffs with the names and addresses of potential class members. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Then, after discovery is largely complete, the second step is invoked, at which point the defendant may move for "decertification." *Mooney*, 54 F.3d at 1214. During this step, the court will make a factual determination of whether the plaintiffs are similarly situated. *Mooney*, 54 F.3d at 1214. Further, a more complete record must show that the plaintiffs share a similar factual background, that they are not subject to individually applied affirmative defenses, and that fairness and procedural concerns are not offended. *Mielke v. Laidlaw Transit Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004). However, disparities in damages claimed by representative parties and other class members does not warrant decertification of the class. *Bayles v. American Medical Response of Colorado, Inc.*, 950 F.Supp. 1053, 1060 (D.C. Colo. 1996).

6

Lake County does not argue that the proposed class fails to encompass similarly situated individuals. Rather, Lake County's sole objection to preliminary certification is that the named and potential plaintiffs seek to certify a class under four separate areas of recovery.  Specifically, the plaintiffs seek to organize a class of corrections officers into sub-classes based on: 1) exclusion of proficiency pay in the calculation of regular rate of pay for overtime purposes; 2) exclusion of longevity pay in the calculation of regular rate of pay for overtime purposes; 3) exclusion of the five percent salary increase in calculation of overtime pay from January 1, 2006 to May 28, 2006; and 4) the refusal to grant requests to use accrued compensatory time off when doing so would require the county to call in qualified substitutes on an overtime basis.  Under this approach, individual plaintiffs could make a claim under one or more of the areas of recovery.

Lake County contends that this approach will "complicate the efficient and orderly resolution of those claims" and a "disorderly structure would run amuck." To date, plaintiffs have furnished the names of 108 individuals who voluntarily have consented to join in the suit if it is authorized as a collective action.  Additionally, they have furnished 30 affidavits from officers who either have opted-in or have yet to opt-in but have expressed a desire to do so.  Plaintiffs have made the "modest factual showing" necessary to authorize preliminary collective action status.  Further, Lake County makes this argument without

7

expressly discussing the alternatives against which a claim of inefficiency can be measured. Specifically, the question is whether the proposed sub-class approach is more efficient than either four separate collective actions[1] or over 100 individual claims. By no vantage point - the parties', court's, or attorneys' - can either approach be considered a more efficient alternative. Resolving common questions as a class, even through the additional mechanism of sub-classes, remains inherently more efficient. *See e.g., **Chabrier v. Wilmington Finance, Inc**.*, 2008 WL 938872 at *3 (E.D. Pa. April 4, 2008)("Where, as here, the plaintiffs are similarly situated, class treatment is efficient and preferable to individual litigation. There are means to aid in making individualized fact determinations such as bifurcation for liability and damages, designating subclasses, and appointment of a special master. Class treatment of the plaintiffs' claims is appropriate and desirable.")

---

For the foregoing reasons, the Motion to Certify Collective Action Status Pursuant to 29 U.S.C. §201 *et. seq.*, the Fair Labor Standards Act ("FLSA"), filed by Plaintiffs, Lloyd Fravel, Janice Hatton, Deborah Stack, Penny Gentry, and other employees of the County of Lake, on March 31, 2008, is **GRANTED.** The defendants are **ORDERED** to electronically submit to the plaintiffs the names,

---

[1] In fact, the number would appear to be five separate actions in light of the existence of a claim made by some of the same plaintiffs under a separate cause number in this court alleging that Lake County violated the FLSA by failing to pay corrections officers for "roll call" time. *See **Ashley v. Lake County***, 2:06 cv 360.

8

addresses, telephone numbers, dates of employment, location of employment, employee number, and dates of birth of all potential plaintiffs.  This information shall be provided within 30 days of the entry of this order.

ENTERED this 7th day of July, 2008.

s/ ANDREW P. RODOVICH
United States Magistrate Judge